UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | **5:26-cv-03201-CV (ADS)** | Date | June 11, 2026 |
|---|---|---|---|
| Title | ***Sandra Paola Lopez Mora v. Officer in Charge, Adelanto ICE Processing Center, et al.*** | | |

Present: The Honorable | Cynthia Valenzuela, United States District Judge

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE: EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER [1] AND ORDER REFERRING CASE TO THE FEDERAL PUBLIC DEFENDER TO CONSIDER APPOINTMENT OF COUNSEL**

Petitioner Sandra Paola Lopez Mora brings this action for a writ of habeas corpus. Doc. # 1 ("Pet."). The Petition included an Emergency Motion for Temporary Restraining Order and Preliminary Injnction. *Id.*

Section 2 of Central District of California General Order No. 26-05 (the "General Order")[1] sets a briefing schedule for petitions for writs of habeas corpus seeking immigration-related relief. That schedule aims to provide expedited review of immigration-related habeas petitions and requires respondents to respond within seven days. General Order at 3. The General Order provides that if "any party seeks to accelerate or extend the briefing schedule, the parties *shall* promptly meet and confer. *Id.* (emphasis added). To the extent Petitioner seeks an accelerated briefing schedule, Petitioner fails to certify any requisite efforts to meet and confer with

---

[1] The General Order is available at Docket Number 4 and can be accessed online at https://www.cacd.uscourts.gov/sites/default/files/documents/GO-26-05.pdf.

Respondents, or explain why Petitioner cannot meet and confer as provided in the General Order.

Section 3 of the General Order states "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard briefing schedule or by expediting the briefing schedule." *Id.* Here, Petitioner generally alleges imminent, irreparable harm; however, Petitioner fails to specifically address why such harm cannot be addressed by the expedited briefing schedule set forth in the General Order. Pet. at 6–7. Further, to the extent Petitioner seeks an order staying her removal pending the adjudication of her asylum claim—which was set to be heard on June 9, 2026—the request is moot.[2] And to the extent Petitioner seeks an order staying her removal pending the adjudication of the Petition, Section 6 of the General Order provides that Respondents shall provide at least two court days' notice to Petitioner, Petitioner's counsel, and the Court, of its intent to remove the Petitioner. Therefore, Petitioner's request is merely speculative until such notice is filed.

Accordingly, the Court **DENIES** the Motion **WITHOUT PREJUDICE**. Should Petitioner seek to renew the Motion, she must allege why the expedited briefing schedule in the General Order is insufficient. Should Petitioner seek an accelerated briefing schedule for her Petition, she must meet and confer with Respondents or explain why such a conference cannot be held.

The Court observes Petitioner is proceeding *pro se* because she may not be able to afford an attorney and may benefit from the assistance of the office of the Federal Public Defender for the Central District of California ("FPD").

There is no absolute right to appointment of counsel in habeas proceedings. *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Appointment of counsel may be authorized at any stage of the proceedings, however, if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The decision of whether to appoint counsel in a habeas proceeding turns on a petitioner's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, if Petitioner agrees, the *Weygandt* factors sufficiently support the appointment of counsel to represent Petitioner. The FPD has indicated that it will accept appointments to represent *pro se* petitioners in immigration-related habeas

---

[2] Petitioner's Motion was not received by the Court until June 10, 2026.

corpus proceedings such as this one. Accordingly, the Court **REFERS** this case to the FPD for consideration of appointment of counsel for Petitioner. The FPD is **ORDERED** to file a response within **seven days** of this order issuing, indicating whether the FPD will represent Petitioner in this matter and whether Petitioner will agree to this appointment. This obligation shall be satisfied if the FPD files a notice of appearance in this case. The Clerk of Court is **DIRECTED** to serve a copy of the Petition, the Motion, and this order on the FPD.

**IT IS SO ORDERED.**

cc:  FPD [ATTN:  Jonathan_Aminoff@fd.org]

---